Opinion issued October 27, 2005



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00100-CV




IN THE INTEREST OF F.V.H.




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 1991-06936




MEMORANDUM OPINION
          Appellant, Guillermo Harper, a prisoner at the Department of Criminal Justice
facility in Rosharon, appeals pro se and as an indigent to challenge a judgment of
arrearages rendered against him after the trial court considered a motion to confirm
child-support arrearages by the Attorney General and heard testimony concerning
appellant’s child-support arrearages pertaining to support of his daughter, F.V.H. 
Harper brings 11 issues, which include challenges to what Harper contends is “de
facto” termination of his parental rights while F.V.H. was under the managing
conservatorship of the Department of Protective and Regulatory Services, now known
as the Department of Family and Protective Services, (the Department) and several
other issues, many of which refer to past conditions that no longer apply to either
Harper or F.V.H., who reached majority on December 29, 2003. In addition, three of
Harper’s issues consist of statements only, without supporting argument or
explanation to assist our understanding the complaints or how we might correct them. 
Harper concludes his brief by requesting that we (1) “reverse and render” on the
judgment of arrearages and (2) issue “any other order” to (a) improve the conditions
of Texas children and (b) prevent an individual, named by Harper, from disregarding
Departmental duties. We affirm. 
Record on Appeal Limited to Clerk’s Record—Standard of Review
          On June 9, 2005, this Court issued an order in response to Harper’s motion
requesting that his appeal proceed, which we dismissed as moot. That order stated
that, although Harper had been given notice and an opportunity to cure, he had not
shown that he requested, in writing, that the court reporter prepare the reporter’s
record for this appeal, and that we would, therefore, consider Harper’s brief and
decide the issues or points that do not require a reporter’s record for decision. See
Tex. R. App. P. 37.3(c). Harper has not challenged that order and acknowledges the
absence of a reporter’s record in his brief and specifically requests that we decide his
appeal based on his brief. 
          The Department contends that all of Harper’s issues require a reporter’s record
and that none is reviewable because there is no reporter’s record. When there is no
reporter’s record for our review, we are necessarily limited to addressing complaints
alleging clear errors of law, which may include erroneous pleadings or rulings,
erroneous jury charges, irreconcilable conflicts in jury findings, summary judgments,
and fundamental error. See Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990). 
 Family Code Sections 157.005 and 263.401(b) 
          In the seventh and fifth issues in the argument section of his brief, Harper
contends that the trial court committed an error of law because (1) section 157.005
of the Family Code precluded the trial court’s judgment of arrearages and (2) section
263.401(b) precluded the trial court from reopening Harper’s case. See Tex. Fam.
Code Ann. §§ 157.005, 263.401(b) (Vernon 2002). We conclude that we may
properly review Harper’s seventh and fifth issues based on the clerk’s record alone,
because he asserts errors of law.


 Accordingly, we reject the Department’s contention
that lack of a reporter’s record precludes review of all of Harper’s issues. 
A.      Section 157.005
          Harper contends that section 157.005 limits the trial court’s jurisdiction, which
ceases if a motion for enforcement is filed later than the sixth month after the date on
which (1) the child becomes an adult or (2) the child-support obligation terminates,
either under the order sought to be enforced or by operation of law. See Tex. Fam.
Code Ann. § 157.005(a)(1)–(2). Subsection (a) of section 157.005, however,
pertains only to the trial court’s jurisdiction to render a contempt order for failure to
comply with a support order. See id. The relief ordered by the trial court was not in
response to a motion to hold Harper in contempt, pursuant to section 157.005(a), but
a motion seeking an order adjudicating his child-support arrearages, as authorized by
section 157.005(b). Section 157.005(b), pursuant to which the trial court confirmed
Harper’s arrearages here, vests trial courts with jurisdiction “to confirm the total
amount of child support arrearages and render judgment for past-due child support
until the date all current child support and medical support and child support
arrearages, including interest and any applicable fees and costs, have been paid.” See
Tex. Fam. Code Ann. § 157.005(b); see also Tex. Fam. Code Ann. § 157.269
(Vernon 2002) (vesting trial court that renders judgment for child-support arrearages
with jurisdiction “until all current support and medical support and child support
arrearages, including interest and any applicable fees and costs, have been paid”).
 

B.      Section 263.401(b)
          We also reject Harper’s reliance on section 263.401, which imposes time
limitations in cases seeking to terminate parental rights. See Tex. Fam. Code Ann.
§ 263.401 (Vernon 2002). Although the Department initially sought to terminate
Harper’s parental rights as to V.F.H., the Department later abandoned its request.
Because this is not a parental termination-of-rights case, the limitations stated in
section 263.401 do not apply.
          We conclude that the trial court properly exercised its jurisdiction to render a
judgment of arrearages pursuant to section 157.005(b). 
          We overrule Harper’s fifth and seventh issues.
Interest Included in Judgment
          Harper’s brief also includes an unnumbered issue in which he refers to “Acts
2005, 79th Leg., HB 440,” which, he contends, “releases the interest accrued on child
support” for persons who owe child support, but are incarcerated for more than 90
days. Harper does not refer to an enacted statute, however, and we have not
identified an enacted statute that contains these provisions. 
          Moreover, subchapter F of the Family Code’s enforcement provisions, which
governs judgment and interest, contains several statutory provisions specifying that
interest is recoverable. These include the following: section 157.261(a)–(b),
pursuant to which unpaid child support constitutes a final judgment, and which
provides for interest and method of calculating interest on unpaid child support;
section 157.265(a)–(c), which provides that interest will accrue on delinquent child
support, child-support arrearages (at issue here), and retroactive or lump-sum child
support; section 157.267, which provides that accrued interest is enforced as a child-support obligation; as well as section 157.269, referenced above, pursuant to which
the trial court here retains continuing jurisdiction over its judgment of child-support
arrearages. See Tex. Fam. Code Ann. §§ 157.261, 157.265, 157.267, 157.269
(Vernon 2002); see also Greg Abbott, Incarcerated Parents and Child
Support, bulletin of the Office of Attorney General of Texas (rev. May 2005)
(advising that amount of unpaid support will accrue interest) (available at:
http://www.oag.state.tx.us/AG_Publications/pdfs/incarcerated.pdf).
          We overrule Harper’s unnumbered issue challenging the interest provided by
the trial court’s judgment of arrearages. 
Unsupported Issues
          We construe the ninth issue stated in Harper’s “issues presented” as
complaining of past due findings of fact and conclusions of law, a notice of appeal,
a writ of mandamus, and a brief that the trial court “ignored,” which are “missing
from the record.” In his eleventh issue, Harper complains of “another” past due
findings and conclusions, notice of appeal, and brief that the trial also “ignored,”
which are also “missing from the record.” In his tenth issue, appellant contends that
the trial court “reopen[ed] this case illegally, and that “the child support order is in
error.”


 Each of these issues, however, appear only in the “issues presented” portion
of Harper’s brief. There are no supporting arguments for these issues in the argument
section of Harper’s brief, as rule 38.1(h) requires. See Tex. R. App. P. 38.1(h).
          We must construe pro se applications liberally. See Haines v. Kerner, 404 U.S.
519, 520, 92. S. Ct. 594, 595–96 (1972); Aguilar v. Stone, 68 S.W.3d 1, 1 (Tex.
App.—Houston [1st Dist.] 1997, orig. proceeding); see also Tex. R. App. P. 38.9
(requiring liberal construction of briefing requirements); Tex. R. App. P. 38.1(e)
(“The statement of an issue or point will be treated as covering every subsidiary
question that is fairly included.”). Nevertheless, pro se litigants are not exempt from
procedural and legal requirements. Shull v. United Parcel Serv., 4 S.W.3d 46, 52–53
(Tex. App.—San Antonio 1999, pet. denied). On weighing these considerations
against the broad, multi-pronged challenges raised by Harper’s ninth, tenth, and
eleventh issues, particularly when comparing these unsupported issues against his
first eight issues, we conclude that Harper voluntarily elected not to include argument
in support of issues nine, ten, and eleven. Accordingly, he presents nothing for our
review with respect to those issues. See Palais Royal, Inc. v. Gunnels, 976 S.W.2d
837, 854 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d by agr.) (holding that
points or issues lacking supporting argument present nothing for review).
          We overrule issues nine, ten, and eleven.
Record Does Not Support Remaining Issues
          In issue eight, Harper argues that the trial court abused its discretion because
Harper was not permitted to attend the hearing confirming his child-support
arrearages “by phone or written documents.” The record does not contain an order
that expressly refuses to permit Harper to attend the hearing to confirm his child-support arrearages, but Harper refers us to his answer to the Department’s motion to
confirm, in which he requested that a bench warrant issue so that he might attend the
hearing. Accordingly, we construe this issue as challenging the trial court’s refusal
to issue the requested bench warrant.


 
          The clerk’s record reflects that, on September 17, 2003, in his answer to the
Department’s motion to confirm arrearages, Harper requested issuance of a bench
warrant to “appear personally and present evidence” at the arrearages hearing. On
October 14, 2004, the clerk filed Harper’s affidavit of the testimony that he would
give at the hearing. The affidavit, executed on September 29, 2003, consists of two
statements of proffered testimony, but neither statement pertains to the issue of child-support arrearages.


 The clerk filed an additional motion by Harper on October 14,
2003, also prepared on September 29, 2003, in which he again asked that the trial
court issue a bench warrant, or, alternatively, continue the hearing.


 But, Harper’s
motion, like his affidavit, addressed only the Department’s abandoned request to
terminate Harper’s parental rights and did not pertain to the issue of child-support
arrearages. 
          On October 23, 2004, the trial court issued an order, sua sponte, reciting that,
after considering 10 enumerated factors, (1) Harper’s personal appearance was not
necessary in the case, (2) his request to participate in person was denied, but that (3)
Harper could participate in the proceedings “by affidavit or by telephone conference.” 
The clerk’s record contains no subsequently filed affidavit by Harper or request to
participate by telephone conference. The trial court’s order confirming arrearages
recites that (1) Harper, “although duly notified, did not appear” and (2) “a record of
the proceedings was made by audio recording.” The clerk’s record does not show
either that Harper presented additional testimony by affidavit or exercised his option
to request participation by telephone. Moreover, he has affirmatively elected to
proceed without a reporter’s record of the trial-court proceedings. Given the
circumstances presented by the existing record, we cannot say that the trial court
abused its discretion by not granting Harper’s request that a bench warrant issue to
enable him to attend the hearing on his child-support arrearages. 
          We overrule issue eight. 
          In his first through fourth issues, and issue six, Harper presents several, varied
challenges in which he contends that the trial court ignored objections that Harper
asserted in the trial court. On reviewing these issues based on the record presented,
we conclude that the record reveals neither written objections nor rulings on those
objections, nor any other documentation that would tend to support Harper’s
contentions. We therefore conclude that the existing record, on which Harper
affirmatively elected to proceed, offers no support for these remaining contentions. 
          We overrule issues one through four and six. 
Conclusion
          We affirm the judgment of the trial court. We deny all pending motions.

 


                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.